## SIX WHEEL CORPORATION v. STERLING MOTOR TRUCK CO. OF CALIFORNIA et al.

### No. N–60–M.

District Court, S. D. California, Central Division.

April 14, 1930.

Lyon & Lyon, of Los Angeles, Cal., for plaintiff.

Wm. L. Connor, of Los Angeles, Cal., for defendant.

312

McCORMICK, District Judge.

By this suit in equity the plaintiff corporation as assignee of Patent No. 1,655,481, granted to David H. Van Leuven on January 10, 1928, seeks an injunction and damages against defendants for alleged infringement of said letters patent.

Defendants have asserted many defenses by their answers to this suit, but it is considered unnecessary to mention several of them because of the conclusions that have been reached upon the paramount issues of validity, scope, and infringement of the patent. Moreover, a most general statement of conclusions must suffice herein rather than an extended assignment of reasons that have impelled the court to reach its decision. This last situation is imperative because of the pressure of work in the court.

The patent in suit is for improvement in running gears, and especially to the six-wheel type of chassis of motor vehicles. The claims in issue are the tenth and twelfth claims of the patent. The main contention of complainant is that these claims should be given broad construction because of the advance in the art that was wrought by Van Leuven in the invention covered by the patent herein. I cannot agree with this contention.

Putting aside for the moment the state of the art, as it is shown by the evidence in the record herein, it is doubtful whether the two claims are actually the product of the mental conception of Van Leuven. It appears that they were suggested by the Examiner of the Patent Office some time after the application for the patent was made, and that the claims were made solely because of such suggestion by the Examiner. It further appears that, while the applicant readily adopted the suggestion of the Examiner, he did not thereafter make oath to said suggested claims, as seems to be required by law. See section 4892, U. S. Revised Statutes (35 USCA § 35), and Rule .48 of the Rules of Practice of the United States Patent Office.

■ It is apparent from such circumstances that the broad aspect and verbiage of the claims that are now contended for did not occur to the inventor, whom the record shows was quite familiar with the art in question, or to his attorneys. It is, therefore, quite proper to assume that Van Leuven's knowledge of the art was such at the time he made application for patent that he did not consider his invention generic or basic, as, otherwise, he of his own volition would have recognized such facts by the most comprehensive claims. Of course, if the invention is in fact generic, and if the patent, in view of the state of the prior art, should be raised to the dignity of a pioneer patent, then the claims thereof should be broadly interpreted and construed so as to render to the inventor all legitimate fruit of his concept, but, in my opinion, no such construction is justified in this suit, in view of the prior patents submitted in evidence and in view of the conduct of Van Leuven in participating in an application for patent that was issued to him and one Stebbins November 17, 1925, being No. 1,562,265, for a six-wheel truck.

It is clear to me, in view of Lewis 865,599, Brillie 915,733, Warner 924,862, Furlong 1,-454,162, and Stebbins and Van Leuven 1,-562,265, that claims 10 and 12 are not entitled to broad construction so as to read upon any device that the evidence in this case shows to have been manufactured, sold, or used by any of the defendants herein. I think that Van Leuven and his assignee are not shown to be entitled to completely monopolize the six-wheel running gear attachment field because of the grant of the patent in suit. The prior art is such that complainant should be restricted to the specific devices and combinations shown by the drawings and specifications of the patent in suit and, in such event, neither of the claims sued on read upon the structures or attachments of defendants, as shown by the evidence herein.

■ To summarize, my conclusions are that the patent in suit is valid, but that, on account of the state of the prior art, as disclosed by the record, said patent and claims 10 and 12 thereof cover a specific detailed improvement, as shown and described in the patent, and that, therefore, the devices and combinations of defendants do not infringe said claims, and it is accordingly ordered that a decree of dismissal herein will be entered with costs. An exception is hereby allowed to complainant. Solicitors for defendants will prepare, serve, and present, under the rules of this court, a decree in accordance with the foregoing memorandum.